UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

AIMEE O'NEIL and M.O.,
                          Plaintiffs,

     vs.                                       5:09-CV-0594 (NAM/GHL)

WALLACE VAN AUSER, Retired Hearing Officer, and
COUNTY OF OSWEGO,
                          Defendants.

APPEARANCES

AIMEE O'NEIL and M.O.
Plaintiffs *pro se*

Norman A. Mordue, Chief Judge:

**MEMORANDUM-DECISION AND ORDER**

The Clerk has sent to the Court an amended complaint (Dkt. No. 4); a letter request for a subpoena (Dkt. No. 6); a document headed, "Motion for Summary Judgment" which the Court construes as a motion for sanctions (Dkt. No. 7); and additional documents submitted for filing by *pro se* Plaintiffs Aimee O'Neil and M.O.[1] (Dkt. No. 5).

**I.    Amended Complaint**

The amended complaint contains allegations regarding the custody of Plaintiff Aimee O'Neil's children (Dkt. No. 4). Plaintiff Aimee O'Neil alleges that she filed a petition in the Oswego County Family Court in August of 2000 in order to modify her visitation rights with one of her children, D.B. She claims that during a court proceeding, Defendant Wallace Van Auser, a

---

[1] Documentation consisting of M.O.'s birth certificate was submitted in response to U.S. Magistrate Judge George H. Lowe's Order dated June 1, 2009. Dkt. No. 5. After a review of the certificate, it is clear that M.O. is a minor. A merits determination may not be made until a minor is properly represented. *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (holding that "the court may not properly . . . make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented"). Here, the Court will not reach the merits because the amended complaint is dismissed for lack of subject matter jurisdiction.

hearing officer, did not act upon the petition, but instead issued an order granting custody of at least one of her other children to two individuals who are not biologically related to those children. She claims that Van Auser, first, should have dismissed her petition to modify visitation rights because she failed to appear, and second, should have made no modification to the custody of her other children. She also claims that she was never notified that a change of custody occurred.

"'It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *Palaniappan v. Angamuthu*, No. 07-CV-0176A, 2007 WL 2973582, at *2 (W.D.N.Y. Oct. 4, 2007) (quoting *United Food & Commercial Workers Union v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). Moreover, "where jurisdiction is lacking, dismissal is mandatory." *Id.* (also citing Fed.R.Civ.P. 12(b)(1) and 12(h)(3)).

It has long been recognized that "'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Puletti v. Patel*, No. 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)). "So strong is the Supreme Court's deference to state law in this area that the Supreme Court has recognized a domestics relation exception that divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Id.* (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (citation omitted)).

Regarding child custody matters, courts in this circuit generally decline jurisdiction over such matters pursuant to this exception. For instance, in *Palaniappan v. Angamuthu*, the plaintiff

was "asking the Court to review the custody decree adjudicating the rights between him and his ex-wife in relation to the custody of their daughter." *Palaniappan*, 2007 WL 2973582, at *3 (citations omitted). The court found that his claims were "directly related [to] the state divorce and custody proceedings and this [c]ourt could not resolve this dispute without becoming embroiled in factual disputes concerning custody and visitation matters." *Id.* (citation omitted). Accordingly, the court found that the domestic relations exception required dismissal for lack of subject matter jurisdiction. *Id.*; *see also Puletti*, 2006 WL 2010809, at *4 ("[D]istrict courts will dismiss civil rights actions aimed at changing the results of domestic proceedings, including orders of child custody.") (quotation omitted); *Rabinowitz v. New York*, 329 F.Supp.2d 373, 376 (E.D.N.Y. 2004) (dismissing action where "plaintiff seeks to obtain the same relief he sought in state court, namely, custody of his children"); *McArthur v. Bell*, 788 F.Supp. 706, 708 (E.D.N.Y. 1992) (finding no federal jurisdiction over civil rights claim that would require a federal court to "re-examine and re-interpret all the evidence brought before the state court in [ ] domestic relations proceeding"); *Neustein v. Orbach*, 732 F.Supp. 333, 339 (E.D.N.Y. 1990) ("If . . . the federal court becomes embroiled in factual disputes concerning custody and visitation matters, the action must be dismissed.").

In this case, the Court is being asked to review the results of a custody proceeding conducted by Defendant Van Auser. Resolution of the claims would require this Court to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings. This is not the role of this Court. Moreover, no showing has been made as to why the New York state appellate courts are not available for a full and fair adjudication of the alleged claims. Therefore, the domestic relations exception requires dismissal of the amended complaint

for lack of subject matter jurisdiction. Accordingly, the amended complaint is dismissed without prejudice.

II.     **Letter Request for Subpoena and Motion for Sanctions**

Plaintiff Aimee O'Neil requests that a subpoena be issued so that "records of public assistance benefits" regarding M.O. may be released (Dkt. No. 6). Plaintiffs also submit a filing titled "Motion for Summary Judgment" (Dkt. No. 7) requesting that monetary sanctions be imposed on defendants. This submission is construed as a motion for sanctions. In light of the Court's dismissal of this action for lack of subject matter jurisdiction, the request and motion are denied as moot.

**WHEREFORE**, it is hereby

ORDERED, that the amended complaint (Dkt. No. 4) be **DISMISSED for lack of subject matter jurisdiction**; and it is further

ORDERED that the Clerk of Court shall enter judgment; and it is further

ORDERED that the letter request for a subpoena (Dkt. No. 6) is **DENIED as moot**; and it is further

ORDERED that the document headed, "Motion for Summary Judgment" which the Court construes as a motion for sanctions (Dkt. No. 7) is **DENIED as moot**; and it is further

ORDERED that the Clerk serve a copy of this Memorandum-Decision and Order on Plaintiffs.

IT IS SO ORDERED.

Date:   July 21, 2009
        Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge